Barker, J.
The learned surrogate held, that upon the death of the testator the deceased legatees, Stout, Cochrane and Kelly, each became vested with right or interest in his estate, liable however to be defeated if .the son of the testator should reach his majority, and that such right or interest was, as it is termed, an expectant estate, and under the provisions of the Revised Statutes was devisable, descendable and alienable. Having placed this construction upon the will, he made a distribution of the estate in accordance therewith.
The appellant contends that the bequests to the substituted legatees did not vest in them any right or interest during the life of the primary legatee, and as they died in his lifetime, the bequests lapsed and should be paid to him as the personal representative of the testator’s sonin behalf of his next of kin.
The intention of the testator is manifest, and is clearly expressed in the language of the will. He gave all his estate, which was wholly personal, to his only child, to be enjoyed by him as his absolute property if he attained the age of twenty-one, making a provision for its accumulation during his minority, by placing its management in the hands of a trustee during that period of time.
Contemplating the possibility that his son might not live to enjoy his estate, he made further provisions in case that, event should occur, and substituted other persons as the *87 subjects of Ms bounty, and bequeathed his estate to them to be distributed in the manner and proportions mentioned in the second paragraph of the will. We find no words indicating an intention on the part of the testator that the gift to the substituted legatees was made to depend upon their surviving the death of his son under twenty-one years of age. ¿
The words upon which the gift to those persons depends, are, viz.: “In case said Andrew Stout McConville shall die before arriving at the age of twenty-one years, then I give and bequeath to Andrew V. Stout, etc.,” thus making the gift as of the time of the death of the testator and its enjoyment to depend upon the happening of the event mentioned, that is, the death of his son under twenty-one years of age. If the construction contended by the appellant should prevail, then it would make the gift to those legatees, depend upon their surviving the death of testator’s son, a contingency not mentioned in the will. The event referred to was the one which had been mentioned in the same sentence, in which the word “then” appears and is the same as if the phrase had been, “then and in that event.” Henessey v. Patterson, 85 N. Y., 91; In the Matter of Mahan, 98 id., 372; Cresson’s Appeal, 76 Pa. Stat., 21.
. We think the case is within a well-settled rule wMch prevails in this state, that if there be a gift to legatees, a direction for the payment of the same at the happemng of a certain event, shall not prevent its vesting any interest and that the personal representatives of a legatee dying before the event happened, shall be entitled to receive it at the time that the legacy was directed to be paid to paid to him had he lived. The decision in The Matter of Mahan (supra), supports the proposition.
Mr. Washburn points out the distinction between the vesting of a right to a future estate of free-hold, the vesting of a free-hold estate in interest, and the vesting of "the same in possession, and then adds: “ This distinction between the vesting of a right and the vesting of an interest in possession, is often referred to in determining whether a devisee, for instance, is of a contingent right depending upon the happening of a prior event, or a right which is absolute; and the enjoyment of which only is postponed until happening of such event. The proposition is undoubted that a contingent interest may vest in right, though it does not in possession, and that contingent or executory interests may be as completely vested as if they were in possession. And a future interest may vest and afterwards be liable to be devested by the happening of some event. 2 Washburn on Beal' Broperty, 779.
*88 These propositions were stated as applicable to the vesting of interests in real property under rules of the common, law. They are also applicable in determining the rights of legatees and donees in personal property, when the happiness and enjoyment of the gift is made to depend on the happening of some prior event.
We are also of the opinion that the rights and interests of the legatees are not alone depending on the rules of construction adopted by the common law, for the purpose of ascertaining the intention of the donors; but that the right of the several legatees are to be determined and defined by the provisions of the Revised Statutes creating ,and defining estates in real property. An estate was created by the terms of the will in the legatees who died prior to the testator’s son which could not be defeated or destroyed by any act of the trustee or of the primary legatee. They were estates in expectancy of the nature and character mentioned in sections 8 and 9, part 2, chapter 1, of the Revised Statutes.
By section 25 (same chapter): “Two or more future estates may be created to take effect in the alternative, so if the first in order shall fail to vest the next in succession shall be substituted for it and take effect accordingly.”
Expectant estates áre descendible, devisable and alienable in the same manner as estates in possession. See § 35. The foregoing provisions relate to the creating of estates in real property, but, by a subsequent section, future or contingent estates in personal property may be created subject to the same rules and limitations. Pt. 2, chap. 4, tit, 4, § 2.
A case cannot be stated which more clearly falls within these provisions than the one before us. The trustee took no estate in the property. He held the title thereto for thu purpose of preserving the same and accumulating the income, to be paid over to the legatee or legatees entitled thereto on the happening of the event which terminated the trust. The legatees were the beneficiaries of the trust fund. When personal property is bequeathed to vest in possession and enjoyment on the happening of some prior event, it is common as well as prudent to place the same in trust, with a view to its preservation and ready distribution. The question presented is not a new nor a doubtful one, and has been frequently adjudicated, and it is only .necessary to refer to some of the leading and parallel cases. Ham v. Van Orden, 84 N. Y., 257; Moore v. Littel, 41 id., 66; Henessey v. Patterson, 85 id., 99; Kenyon v. See, 94 id., 563.
We concur in the conclusions of the surrogate, and find the decree for distribution to be in strict accordance with *89 the rights of the parties and the same should be affirmed, without costs.
All concur.